OPINION OF THE COURT
Jack Mackston, J.
The defendant is charged in the indictment with burglary in *311 the second degree (Penal Law § 140.25) and possession of burglar’s tools (Penal Law § 140.35). Defendant, by his attorney, moves this court for an order granting the following relief:
(1) pursuant to CPL 270.10, a hearing to determine if the Nassau County Commissioner of Jurors (hereinafter Commissioner) is in compliance with the applicable sections of the Judiciary Law regarding the selection of prospective jurors;
(2) authorization from the court permitting the defense to retain necessary psychiatric services at Nassau County expense pursuant to County Law § 722-c;
(3) transcription and inspection of the Grand Jury minutes pursuant to CPL 210.30;
(4) a demand for discovery and inspection of certain items;
(5) suppression of identification testimony against the defendant;
(6) suppression of tangible property obtained by means of an unlawful search and seizure;
(7) suppression of all statements made by defendant relating crimes set forth in the within indictment;
(8) service of a bill of particulars.
GRAND JURY MINUTES
The court has reviewed the Grand Jury minutes in camera and it is not necessary to release the minutes or any portion thereof to defendant’s counsel to assist the court in making its determination. (CPL 210.30 [3].) Upon review of the minutes, the court finds that the evidence before the Grand Jury was legally sufficient to establish the crimes charged in the indictment. The Grand Jury proceeding was not defective; proper legal advice and adequate instructions were given by the Assistant District Attorney. (CPL 210.35 [5]; 190.25 [6].)
SELECTION OF PROSPECTIVE JURORS
Defendant argues that, pursuant to CPL 270.10, a hearing should be held to determine whether the "Commissioner” is in compliance with the Judiciary Law in selecting prospective jurors. In substance, defendant’s counsel argues that, under the present system, it cannot be determined how the "Commissioner” selects names of individuals called to jury duty. Counsel then speculates that if the "Commissioner” should exclude lists of welfare recipients or give added consideration to certain *312 other lists of individuals, then the selection process would be skewed and that the defendant would be irreparably harmed because the jury panel was not comprised of a "broad cross-section of the community”. Counsel concludes that the "Commissioner” should be compelled to keep records which allow a defendant to see that the process of selecting individuals for jury duty is done in a manner required by article 16 of the Judiciary Law.
The People counter defendant’s argument by asserting that counsel has failed to show a departure from the requirements set forth in the Judiciary Law in the selection of a jury panel that resulted in prejudice to the defendant. Further, the People contend, defense counsel’s argument is premature, in that, the case is not currently on trial.
A defendant may challenge the entire panel of prospective trial jurors returned for the term and any additional panel that may be ordered by the court provided the challenge is grounded upon a claim that there has been such a departure from the requirements of the Judiciary Law in the drawing or return of the panel as to result in substantial prejudice to the defendant. (CPL 270.10 [1].) The challenge must be in writing before the selection of the jury commences and set forth the facts constituting the ground of challenge. (CPL 270.10 [2].)
The court finds defendant’s challenge to the jury panel is timely as defendant challenges the fundamental process under which jurors are selected and, as such, challenges any and all panels that might be ordered by the court. Therefore the court shall consider the merits of defendant’s argument.
Upon examination, however, the court finds defendant’s application to be defective in that defendant has failed to set forth the necessary factual basis to establish a claim that the procedure utilized by the Commissioner to select the jury venire does not provide for selection of individuals from a fair cross-section of the community as required by Judiciary Law § 500. Indeed, defendant’s argument, as construed by the court, is that no factual basis can be established for the reason that he is unable to find out how prospective jurors are selected and, accordingly, cannot determine whether the selection process is skewed in some manner as to be in violation of the Judiciary Law. Defendant urges this court that the Commissioner should be "compelled to keep records which allow a defendant to see that the process of selecting individuals for jury duty is done in a manner required by Article 16 of the Judiciary Law”.
Such an argument, however, is unavailing. The Commissioner is an officer of all the courts located in the county in *313 which he acts. (Judiciary Law § 502.) As an officer, the Commissioner must take the oath of office prescribed by law before assuming the duties of that office. (Judiciary Law § 505.) Acting under an oath of office, the Commissioner is cloaked with the presumption that he will do nothing " 'contrary to his official duty, or omit anything which his official duty requires to be done.’ ” (Prince, Richardson on Evidence § 3-120, at 70 [Farrell 11th ed].) To overcome such a presumption, the party challenging the actions of the public officer carries the burden of coming forward "with affirmative evidence of unlawful or irregular conduct”. (Id., at 71.)
Thus, in the case at bar, the Commissioner is presumed to be in compliance with the dictates of article 16 of the Judiciary Law in the drawing, selection, summoning and impaneling of jurors. Defendant, in failing to set forth any affirmative evidence of unlawful or irregular conduct by the Commissioner in the performance of his official duties, has not sustained his burden and, therefore, the presumption survives.
Accordingly, the application is summarily denied.
SERVICES OF A PSYCHIATRIST
Defendant’s request for authorization from the court permitting the defense to retain necessary psychiatric services at the expense of Nassau County pursuant to County Law § 722-c is granted. Defendant is represented by counsel assigned pursuant to County Law article 18-B. Further, defendant has notified the People of his intention to proffer "psychiatric evidence” in connection with certain affirmative defenses pursuant to CPL 250.10.
DISCOVERY
Defendant’s demand for discovery and inspection of certain items is denied as the People represent that they have provided defendant with voluntary disclosure forms.
BILL OF PARTICULARS
Defendant’s request for a bill of particulars is denied. Defendant has failed to demonstrate that a timely request for a bill of particulars was made or that the prosecutor refused any such request. (CPL 200.95 [3], [4].) Compliance with the statutory provisions is a prerequisite to the granting of the relief requested. (CPL 200.95 [5].)
*314 SUPPRESSION
Defendant’s application for suppression of tangible property obtained by means of an unlawful search and seizure is granted to the extent that, upon the consent of the People, a hearing shall be held at a date and time to be set by the court on January 17, 1997, the next scheduled court date.
Defendant’s requests for suppression of testimony regarding the identification of the defendant and any statements made by the defendant relating to the crimes set forth in the indictment are denied.
Upon review of the court file, specifically the People’s voluntary disclosure forms previously served upon the defendant, the court construes the People’s representation that defendant’s demand for such relief is inapplicable to the instant case as representing that they do not intend to offer at trial any testimony regarding a prior identification of the defendant resulting from a police-arranged identification procedure nor that they intend to offer evidence of any statements of the defendant.
Accordingly, defendant’s motion is denied except to the extent it is granted as set forth above.